UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/24/2020

KEVIN ROLLAG,

              Plaintiff,

        v.

COWEN INC.; COWEN AND COMPANY,
LLC; GAVIN O'REILLY; and SCOTT
LEMONE,

              Defendants.

No. 20-CV-5138 (RA)

MEMORANDUM OPINION
& ORDER

RONNIE ABRAMS, United States District Judge:

       Plaintiff filed this action on July 6, 2020, alleging that Defendants engaged in unlawful discrimination and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 *et seq.* ("NYCHRL"). *See* Dkt. 1. Plaintiff contends that on the same day he filed this action, he also filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA") alleging that Defendants engaged in unlawful retaliation in violation of Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. *See id.* ¶ 15. He states that he intends to amend his complaint to include a Sarbanes-Oxley Act claim following OSHA's completion of its investigation and/or the expiration of the requisite 180-day investigation period. *See id.* The Complaint includes factual allegations that appear to relate to his anticipated Sarbanes-Oxley Act claim—namely, that Defendants retaliated against him after he repeatedly expressed concerns regarding Defendants' solicitation of investments from an entity tied to Vitaly Malkin, whom Plaintiff describes as "a Russian/Israeli oligarch banned from Canada for

19 years, and reputed to be engaged in money laundering and arms dealing (among other

ventures)." *Id.* ¶ 1.

On the day that Plaintiff filed his complaint, the legal news website Law360 ran an article

entitled, "Banker Says Cowen Fired Him For Objecting To Oligarch," describing both the OSHA

complaint and this lawsuit. *See* Dkt. 19-2. On July 8 or 9, 2020, Plaintiff's counsel issued a

press release entitled, "Lawsuit: Cowen Fired Top Investment Banker Who Raised Concerns

About the Bank's Business Ties to Russian Oligarch." Dkt. 19-1. The press release also

discussed the claims in both the OSHA complaint and this action and linked to both complaints.

*Id.* On July 9, 2020, the website Cash Crop Today published the full text of the press release.

*See* Dkt. 19-3.

On July 30, 2020, Defendants filed a motion to compel arbitration and stay this action.

Dkt. 11. On July 31, 2020, Defendants filed a letter motion to seal the Complaint or,

alternatively, to strike the Complaint and order Plaintiff to file a replacement thereof that

substitutes pseudonyms for the names of Cowen's clients, employees, and potential investors.

Dkt. 18. Defendants contend:

> In connection with his employment with Cowen, Plaintiff entered into multiple
> agreements with Cowen containing arbitration agreements that require Plaintiff to
> arbitrate the claims asserted in this case; and confidentiality and non-
> disparagement clauses that prohibit Plaintiff from disclosing non-public
> confidential or proprietary information about Cowen's employees, business, and
> clients, and from disparaging and defaming Cowen and its employees, both
> during and after the termination of Plaintiff's employment. In direct
> contravention of those agreements, Plaintiff chose to file this court action,
> containing false and inflammatory allegations that disparage Cowen, its
> employees, and certain current and potential clients and investors, and then
> engaged in a publicity campaign to generate press attention.

*Id.* at 1 (citations omitted). Defendants maintain that Plaintiff's "blatant falsehoods and

accusations have nothing to do with Plaintiff's actual asserted legal claims in his Complaint for

discrimination and alleged wrongful termination related to his purported FMLA leave and

parental status." *Id*. at 2.

On August 3, 2020, the Court granted Plaintiff's request to respond to the letter motion to

seal by August 5, 2020, and provided:

> In light of the fact that Plaintiff's Complaint was filed on July 6, 2020, Dkt. 1, and
> Defendants' letter motion to seal was not filed until July 31, 2020, Dkt. 18, it is
> likely that "the proverbial cat is out of the bag." *SOHC, Inc. v. Zentis Sweet
> Ovations Holding LLC*, No. 14-CV-2270 JMF, 2014 WL 5643683, at *6
> (S.D.N.Y. Nov. 4, 2014); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133,
> 144 (2d Cir. 2004) ("[H]owever confidential [the information] may have been
> beforehand, subsequent to publication it was confidential no longer."). Plaintiff's
> response and Defendants' reply, if any, shall thus address the case law cited
> above.

Dkt. 21.

In an August 5, 2020 letter in response to Defendants' motion, Plaintiff contends that on June

12, 2020, he sent Defendants a "detailed letter regarding his legal claims and factual allegations," and

that on June 29, 2020, he sent drafts of his OSHA complaint and the Complaint in this action to

Peggy Finster, a Managing Director and Labor and Employment Counsel at Cowen.  Dkt. 22 at 1.

He further asserts that on July 1, 2020, Defendants' outside counsel sent Plaintiff's counsel an email

that acknowledged that Plaintiff intended to file "in court" and in "a public forum," that Plaintiff

might "hold some press thing," and that the case could become a "public event."  *Id*.  Plaintiff

maintains that at no point prior to July 28, 2020—even after the Complaint was filed on July 6,

2020—did Defendants raise concerns regarding sealing or redactions with Plaintiff.  *Id*.  Plaintiff

argues, "Defendants are asking, nearly a month after filing, for blanket sealing of the Complaint

without identifying any specific private or sensitive financial or customer information that also is not

relevant to the claims. This is inadequate, untimely, and overbroad."  *Id*. at 3.

On August 10, 2020, Defendants filed their reply in further support of the motion. *See* Dkt. 24. In it, they again contend that Plaintiff is contractually obligated to arbitrate his paternity leave claims and argue that Plaintiff's "defamatory allegations about conduct and individuals related solely to his OSHA claims filed exclusively in a separate forum." *Id.* at 4. They maintain that if the Court declines to order sealing or direct Plaintiff to file a complaint that uses pseudonyms, "it will encourage Plaintiff's counsel and others to file complaints with salacious, irrelevant allegations in matters that can only proceed in arbitration, and to do so for the *in terrorem* value in extracting a settlement." *Id.* Defendants' reply provides no explanation as to why Defendants waited until July 31, 2020 to file the motion to seal.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Id.* at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir.2004)). As the Second Circuit has stated:

> [A] sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute. These considerations indicate that public access to the complaint and other pleadings has a "significant positive role," in the functioning of the judicial process.

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016); (quoting *Lugosch*, 435 F.3d at 120).

"A proponent of sealing may overcome the presumption of access by demonstrating a substantial probability of harm to a compelling interest." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. Aug. 10, 2017). "[A] judge must carefully and skeptically review

sealing requests to [e]nsure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted). "'Generalized concern[s] of adverse publicity' do not outweigh the presumption of access." *Bernsten v. O'Reilly*, 307 F.Supp.3d 161, 169 (S.D.N.Y. 2018) (quoting *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F.Supp.2d 374, 375 (S.D.N.Y. 2007)).

However, "there is ample authority for the proposition that where, as here, a party fails to take immediate steps to request that publicly filed materials be sealed, its request to redact or seal may be denied for that reason." *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019) (citations omitted). In *Fischman*, for example, the court denied the defendants' letter motion to seal the complaint where the defendants "provide[d] no explanation, let alone justification, why they waited over two months to seek the relief they are seeking." 2019 WL 3034866, at *1. The court recognized that "[t]he failure to act promptly plainly belies any . . . claim of harm." *Id.* at *3 (citations omitted). Similarly, here, Defendants provide no justification for why they waited until July 31, 2020 to file their motion to seal—three and a half weeks after Plaintiff filed his Complaint, and over a month after Plaintiff alleges his attorney sent a draft thereof to Cowen. *See* Dkt. 22. In fact, Defendants were put on notice of Plaintiff's factual allegations and legal claims as early as June 12, 2020, when Plaintiff contends he sent Defendants a "detailed letter." *Id.* Like in *Fischman*, Defendants' "failure to act promptly plainly belies any . . . claim of harm." 2019 WL 3034866, at *3. The Court thus holds that Defendants have failed to overcome the presumption of public access.

This conclusion is reinforced by that fact that, like in *Fischman*, "[b]y the time Defendants filed [this] motion[], news outlets had already reported on the allegations in the

Complaint." *Id*. at *1; *see also* Dkts. 19-2, 19-3.  Courts in this Circuit have found that a defendant's "countervailing privacy interest . . . cannot defeat the strong presumption of public disclosure where the material it seeks to seal is already in the public domain" due to media coverage. *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 397 (E.D.N.Y. 2013); *see also Miller v. City of Ithaca*, No. 3:10-CV-597, 2013 WL 12310675, at *1 (N.D.N.Y. Feb. 15, 2013) (denying sealing where "numerous press articles demonstrate that the information sought to be redacted was already in the public domain").  As the Second Circuit has noted, once "the genie is out of the bottle," courts "have not the means to put the genie back." *Gambale*, 377 F.3d at 144.  In light of the existing press coverage of the Complaint, the Court concludes that sealing would be futile at this stage.

Finally, the Court notes that to the extent that Defendants maintain that Plaintiff breached confidentiality and non-disparagement contracts or engaged in unlawful defamation, they are free to bring suit against Plaintiff on those grounds in the appropriate forum.

No later than August 31, 2020, the parties shall file unredacted versions of any letters or exhibits that they previously filed in redacted form in connection with this motion.  The Clerk of Court is respectfully directed to terminate the motion pending at Docket 18.

SO ORDERED.

Dated:   August 24, 2020
         New York, New York

Ronnie Abrams
United States District Judge