| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 4/7/2021 |

KEVIN ROLLAG,

                         Plaintiff,

            v.

COWEN INC., COWEN AND COMPANY, LLC, GAVIN O'REILLY, and SCOTT LEMONE, *in their individual and professional capacities*,

                         Defendants.

No. 20-CV-5138 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On July 6, 2021, Plaintiff Kevin Rollag filed this action asserting claims of retaliation and unlawful discrimination under the Family and Medical Leave Act ("FMLA") and New York Human Rights Law. Dkt. 1. He simultaneously filed a complaint with the Occupational Safety and Health Administration ("OSHA") of the United States Department of Labor alleging whistleblower retaliation in violation of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), in accordance with the procedure set out in that statute's implementing regulations. On January 20, 2021, having received no final decision from OSHA, Plaintiff filed an Amended Complaint that included allegations that Defendants violated Sarbanes-Oxley.

      On March 3, 2021, finding that Plaintiff had agreed to arbitrate all claims other than those arising under Sarbanes-Oxley, the Court granted Defendants' motion to compel arbitration of those claims. Dkt. 48. On March 16, 2021, as directed by the Court, the parties submitted a letter outlining their respective positions on whether to stay Plaintiff's Sarbanes-Oxley claim pending resolution of that arbitration. Dkt. 49. Plaintiff now seeks a stay of the claims that have been compelled to

arbitration. Defendants argue that the Sarbanes-Oxley claim should be stayed in this Court unless Plaintiff dismisses with prejudice the claims compelled to arbitration. For the reasons that follow, the Court declines to issue any stay.

First, the Court finds that granting Plaintiff's request to stay the claims that have been compelled to arbitration would be improper. On the one hand, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal quotation marks omitted). On the other hand, the Federal Arbitration Act ("FAA") directs courts, upon determination that there is a valid agreement for arbitration with which a party has failed to comply, to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. In any case, "[t]he person seeking a stay bears the burden of establishing its need." *Louis Vuitton Malletier S.A.*, 676 F.3d at 97 (internal quotation marks omitted). Plaintiff argues that a stay would "serve the cause of justice, equity, and wise use of the parties' resources," and insists that the Sarbanes-Oxley claims "are the heart of this case." Dkt. 49 at 1-2. Yet he cites no precedent for staying claims that have been compelled to arbitration pending judicial resolution of nonarbitrable claims. It is not clear whether the FAA allows a Court to do so.

Given that Plaintiff himself agreed to arbitrate claims arising out of his employment as a condition of that employment—and as consideration for additional compensation—the Court is not persuaded that considerations of equity favor a stay here. When he filed the Complaint in this Court, Plaintiff knew, or at least should have known, that he was doing so in violation of valid arbitration agreements to which he is a party. Had he wished to pursue Sarbanes-Oxley claims without interference from arbitration, Plaintiff could have filed a Complaint asserting only causes of action

under that act.  Accordingly, the Court finds that  discretionary considerations, and the mandates of the FAA, militate against a stay of the arbitrable claims.

The Court similarly declines Defendants' request to stay the Sarbanes-Oxley claim pending the arbitration of the other claims.  As this Court has previously stated, the propriety of such a stay depends on the likelihood that the arbitration will have preclusive effect over the claims not subject to arbitration.  As a stay "is particularly appropriate where there is significant factual overlap between the remaining claims and the arbitrated claims," the Court should consider, among other factors, the "degree to which the cases necessitate duplication of discovery or issue resolution." *Chang v. United Healthcare*, No. 19-CV-3529 (RA), 2020 WL 1140701, at *5 (S.D.N.Y. Mar. 9, 2020).  The amended complaint in this action supports Plaintiff's position that the claims under Sarbanes-Oxley "are the primary focus of the dispute."  Dkt. 49 at 3.  Plaintiff alleges that Defendants' discriminatory and retaliatory treatment, which culminated in his June 2020 termination, began in late 2019 after he raised concerns about what he viewed as the improper inclusion in a financing deal of an investor who was "reputed to be engaged in money laundering and arms dealing." *See* Dkt. 38, Amended Complaint ¶¶ 1-6. Those claims and related allegations indeed constitute the heart of the Complaint.  By contrast, the claims of discrimination on the basis of Plaintiff's parental status relate to the March 2020 birth of his child and receive comparatively minimal treatment in the Complaint.  Accordingly, the risk of issue preclusion is not great enough to warrant a stay here and further delay proceedings.  As Defendants note, if Plaintiff would like to avoid the potential for *res judicata* from the claims compelled to arbitration, he retains the option to dismiss those claims in order to focus on what he characterizes as the heart of this case.

For the foregoing reasons, the Court declines to issue a stay in this action.  Within two weeks of this order, the parties shall submit a letter to this Court indicating whether Plaintiff intends to

pursue his FMLA and state-law claims in arbitration. By no later than April 26, 2021, the parties shall jointly submit to the Court a proposed case management plan and scheduling order. A template for the order is available at https://nysd.uscourts.gov/hon-ronnie-abrams. Counsel for both parties shall appear for a status conference on May 3, 2021 at 2:00 p.m. The Court will hold this conference by telephone. The parties shall use the dial-in information provided below to call into the conference: Call-in Number: (888) 363-4749; Access Code: 1015508. This conference line is open to the public.

SO ORDERED.

Dated:      April 7, 2021
              New York, New York

_____
Ronnie Abrams
United States District Judge