**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
KEVIN ROLLAG,                                               :
                                                            :     Civil Action No.: 1:20-cv-05138
                                 Plaintiff,                 :     (RA)
                                                            :
                    v.                                      :
                                                            :
COWEN INC., COWEN AND COMPANY, LLC,  :
GAVIN O'REILLY and SCOTT LEMONE, in         :
their individual and professional capacities,          :
                                                            :
                                 Defendants.              :
---------------------------------------------------------------X

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order (the "Order") is entered into by and between Plaintiff Kevin Rollag ("Plaintiff" or "Rollag") and Defendants Cowen Inc., Cowen and Company, LLC (collectively, "Cowen"), Gavin O'Reilly, and Scott Lemone (collectively with Cowen, "Defendants") (Plaintiff and Defendants, collectively, the "Parties" and each individually a "Party" to this Agreement). The Parties hereby stipulate and agree that discovery in the above-captioned civil action (the "Action") will require production of documents and information that one or both of the Parties regards as containing sensitive and non-public business information, financial information, personnel information, personal information, trade secrets, and/or other confidential information. Disclosure of this information to the general public would be prejudicial to the Parties, and litigation over claims of confidentiality would unduly consume the resources and time of the Court and Parties.

Therefore, in the interests of promoting the just, speedy, and inexpensive determination of the Action, the Parties hereby stipulate and agree that the following procedures and provisions shall apply in the Action:

I. **<u>DEFINITIONS</u>**

As used in this Agreement, these terms shall have the following meanings:

A. **"Party(ies)"** means Plaintiff Kevin Rollag and Defendants Cowen Inc., Cowen and Company, LLC, Gavin O'Reilly, and Scott Lemone.

B. **"Non-Party(ies)"** means any person or entity not a Party to the Action, which produces documents or other information in response to a subpoena or other process in this Action.

C. **"Material"** is defined as documents, records, testimony, responses to discovery or other tangible items, and any other information produced by a Party or Non-Party in discovery in the Action, whether in hard copy or electronic form.

D. **"Confidential Material"** is defined as Material containing sensitive non-public business information, financial information, personal information, personnel information, trade secrets, and/or other confidential or proprietary commercial, research, or development information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Confidential Material may include, *inter alia*, all sensitive non-public materials containing information related to: Cowen actual and potential clients and/or investors; financial or business plans, data or projections; proposed plans or strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; personal information regarding personnel, including regarding employees, officers, directors or partners; personal information regarding third-parties; information or documents subject to confidentiality or non-disclosure agreements with third parties; Company processes, procedures, standards, formulas, and other related information, including Company guidelines, manuals, internal investigatory records, or software; or other commercially sensitive or proprietary information.

E.    **"Confidential Attorney Eyes Only Material"** is defined as Confidential Material that contains (i) highly sensitive confidential personal information or (ii) highly sensitive confidential or proprietary business information, a trade secret or other commercial or financial information that the Producing Party, in good faith, believes would result in competitive or commercial harm in the market place if the Material were disseminated to persons other than those specifically identified in Paragraph III.C below, and may include (without limitation) confidential or proprietary business information of Cowen or any actual or potential Cowen clients and/or investors, or other similarly sensitive trade secret or proprietary information.

F.    The "**Designator"** is any Party or Non-Party who designates any Material produced in this Action as "Confidential."

G.    The **"Producing Party"** is any Party or Non-Party that produces Confidential Material during the course of discovery in this Action.

H.    The **"Receiving Party"** is any Party or Non-Party that receives Confidential Material during the course of discovery in this Action.

II.    **DESIGNATION OF MATERIALS AS "CONFIDENTIAL"**

A.    Any Party or Non-Party may designate Material produced during the course of this Action as Confidential Material or Confidential Attorney Eyes Only Material if and only if that Party or Non-Party believes in good faith that the Material satisfies the definitions of Confidential Material or Confidential Attorney Eyes Only Material as set forth in Paragraphs I.D and I.E.

B.    A Party or Non-Party may designate such Material by marking the word "Confidential" or "Confidential Attorney Eyes Only" on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential or Confidential Attorney Eyes Only Material contained in or on media other than paper, by affixing such a label

3

to the information or by using its best efforts to identify the information as Confidential or Confidential Attorney Eyes Only Material.

      C.     If a Non-Party produces Material during the course of this Action that the producing Non-Party did not designate as Confidential or Confidential Attorney Eyes Only Material but that a Party believes in good faith satisfies either of those definitions as set forth in Paragraphs I.D and I.E, the Party may (1) request that the Non-Party designate the Material as Confidential or Confidential Attorney Eyes Only Material in the manner specified above; or (2) the Party may itself so designate the Material, in which case the Party-Designator shall, within ten (10) business days of notifying counsel, provide counsel for the Parties with new copies of such Material bearing the appropriate "Confidential" or "Confidential Attorney Eyes Only" legend.  Upon receipt of the copy bearing the legend, counsel for the Parties and all other persons who have received undesignated copies of the Material shall either return such Material to the Non-Party who originally produced the Materials, sequester, or destroy all such Materials, copies and other reproductions thereof, but in any event the undesignated copies shall only be maintained by counsel consistent with the Model Rules of Professional Conduct and not be distributed or used for any other purpose.

      D.     Designation may also be by such other means as are agreed to, in writing, by the Designator and the Party seeking disclosure.

      E.     A Party may challenge the propriety of the designation of Material as "Confidential" or "Confidential Attorney Eyes Only."  If a Party challenges a designation, it shall give notice to the Designator, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may apply for a ruling from the Court.  The

Designator shall have the burden of establishing that the Material at issue satisfies the applicable definition set forth in Paragraphs I.D and I.E. The Material shall continue to be treated as Confidential or Confidential Attorney Eyes Only Material until the Court orders otherwise.

F. Any Designator may, at any time, unilaterally withdraw the "Confidential" or "Confidential Attorney Eyes Only" designation of any Material designated by that Designator.

G. The inadvertent production of Confidential or Confidential Attorney Eyes Only Material without the appropriate designation affixed thereto will not constitute a waiver of confidentiality with regard to that material. In the event that a Party or Non-Party inadvertently produces Confidential or Confidential Attorney Eyes Only Material without the proper legend, that Party or Non-Party shall notify counsel for the Parties of the omission within ten (10) business days of discovering the inadvertent production. Further, within ten (10) business days of notifying counsel, the notifying Party or Non-Party shall provide counsel for the Parties with new copies bearing the appropriate legend. Upon receipt of the copy bearing the legend, counsel for the Parties and all other persons who have received undesignated copies of the Material shall either return such Material to counsel for the Designator, sequester, or destroy all such Materials, copies and other reproductions thereof, but in any event the undesignated copies shall only be maintained by counsel consistent with the Model Rules of Professional Conduct and not be distributed or used for any other purpose.

H. In the absence of an agreement on the record or in writing to the contrary, all deposition testimony shall be treated as Confidential Material until the expiration of ten (10) business days after receipt of the official transcript. All deposition transcripts or portions of deposition transcripts in this Action (including exhibits) may be designated as Confidential or Confidential Attorney Eyes Only Material by a statement to such effect on the record at any time

before the end of each day of deposition is concluded or by a statement in writing sent to counsel of record within the aforementioned ten (10) business days after receipt of the transcript. During depositions, any person, entity, Party, or Non-Party claiming confidentiality with respect to Confidential or Confidential Attorney Eyes Only Material that is to be disclosed or upon which questions may be based may exclude from the room any person who is not subject to this Order. The Parties may modify this procedure for any particular deposition through written agreement or agreement on the record at such deposition, without further Court order.

I.      In the case of Interrogatory responses or answers to Requests for Admission, designations shall be made by placing the word "Confidential" or "Confidential Attorney Eyes Only" on the specific pages containing answers or responses with Confidential or Confidential Attorney Eyes Only Material.

**III.    USE AND HANDLING OF CONFIDENTIAL MATERIAL**

A.      Confidential and Confidential Attorney Eyes Only Material shall be used only for purposes of preparing for and litigating the Action (including appeals) and not for any other purpose whatsoever, except on written consent of the Designator or by order of the Court.

B.      Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

> 1.      The Parties themselves, and any current or former in-house counsel for the Parties, employees, officers, members, or directors of the Company, or any of their current or former subsidiaries or affiliates, who are assisting in the conduct of this Action, to the extent counsel of record determines in good faith that such disclosure is necessary to provide assistance in connection with this Action;

> 2.      Counsel of record and any other counsel for the Parties in the Action, including counsel for insurers for the claims involved in the Action, members of their firms and associates, associate attorneys, paralegals, clerical, and other employees or contractors of such counsel who are assisting in the conduct and/or management of the Action;

6

3.      The United States District Court for the Southern District of New York, the Second Circuit Court of Appeals, or any other court that has jurisdiction over the Action, court personnel, and court reporters of the aforementioned courts;

4.      Consultants, experts, and outside litigation support personnel, including document management vendors, professional jury or trial consultants, and other vendors retained by counsel for either Party to the Action (and the employees and agents of those consultants, experts, and outside litigation support personnel) to assist the Parties in the preparation and/or litigation of the Action, including settlement of same;

5.      Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

6.      The person, entity, Party or Non-Party that wrote, received or produced the Confidential Material;

7.      Persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify;

8.      In the case of a deposition, court or trial transcript designated or treated as Confidential Material, the witness whose testimony is recorded in that transcript;

9.      Stenographers, court reporters and videographers only to the extent necessary to prepare records of sworn testimony in this action; and

10.     Others, including (without limitation) any witness during the course of his/her testimony in this action, provided that such person(s) execute the Acknowledgment And Agreement To Be Bound By Agreement Protected Order on Confidentiality in the form attached hereto as Exhibit A (the "Acknowledgement") prior to disclosure of any Confidential Material and a copy of such signed Acknowledgment is retained by counsel for the Party making such disclosures.

C.      Confidential Attorney Eyes Only Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than those individuals falling within Paragraphs III.B.2; III.B.3; III.B.4; III.B.5; III.B.6; III.B.7;

III.B.8; and III.B.9.  Disclosure of Material pursuant to this paragraph does not constitute a waiver of the confidential status of the Material so disclosed.

D.      Notwithstanding the preceding paragraph, it is understood that counsel of record for a Party may give advice and opinions to his or her client(s) relating to the Action based on his or her evaluation of Confidential Attorney Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Material, unless otherwise permitted by prior written agreement of the parties or by Order of the Court.

E.      If Confidential or Confidential Attorney Eyes Only Material is to be disclosed during a deposition or trial, the Acknowledgment may be made on the record and under oath, rather than in writing.

F.      No person to whom Confidential or Confidential Attorney Eyes Only Material is disclosed may disclose such Material to any person other than those persons permitted access to such material under Paragraphs III.B and III.C, above.  All persons who have access to Confidential or Confidential Attorney Eyes Only Material at any time shall take all precautions necessary to prohibit access to such Material other than as provided for herein.

G.      Any summaries or copies of Confidential or Confidential Attorney Eyes Only Material shall bear the appropriate legend set forth in Paragraph II.B above, and shall be subject to the terms of this Agreement to the same extent as the information or document from which such summary or copy is made.  Any party that creates a summary from material that is subsequently designated as "Confidential" or "Confidential Attorney Eyes Only" pursuant to Paragraph II.B above, shall upon receipt of the designation of such material as Confidential or Confidential Attorney Eyes Only immediately mark such summaries with the appropriate legend set forth in Paragraph II.B above and otherwise conform to this paragraph.  The foregoing paragraph does not

8

apply to any Material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege.

H.      For applications and motions to the Court in connection with which a Party submits Confidential or Confidential Attorney Eyes Only Material, all documents containing such Material that are submitted to the Court shall be filed electronically and with redactions and with an accompanying Motion to Seal the confidential material provided in the United States District Court for the Southern District of New York Local Rules of Practice for Civil Cases,  and District Judge Ronnie Abrams's Individual Rules of Practice, unless otherwise ordered by the Court. The Parties agree that the Court is ultimately responsible for determining whether there is sufficient justification for the non-public filing of Materials designated as Confidential or Confidential Attorney Eyes Only, and should the Court deny a Party's request to file a particular document with redactions, it will be not be a breach of this Agreement for a Party to publicly file such document.

I.      Within one-hundred and twenty (120) days after final termination of the Action (including any related proceedings in the District Court, Court of Appeals and/or U.S. Supreme Court), whether by final judgment, appeal (if any) or otherwise, all persons and entities in possession of Confidential or Confidential Attorney Eyes Only Material shall either destroy the information and all copies thereof, or return the information and all copies thereof to the Designator or Producing Party, provided that the Parties may retain in their possession (a) any privileged attorney work product that summarizes or references Confidential or Confidential Attorney Eyes Only Material, and (b) archived copies of all pleadings, motion papers, written discovery responses, deposition transcripts and exhibits, Court transcripts and exhibits, trial exhibits, and documents and other materials submitted to the Court that contain Confidential or Confidential Attorney Eyes Only Materials.  Counsel for each Party also can maintain electronic copies of all

case documents consistent with the Model Rules of Professional Conduct.   All Confidential or Confidential Attorney Eyes Only Material in those records must be protected in conformity with this Agreement.   Counsel shall certify that all such Material and copies thereof have been handled in accordance with this paragraph.   This paragraph shall not apply to persons identified  in Paragraph III.B.3.

IV.    **GENERAL PROVISIONS**

A.    This Agreement shall not be construed to restrict or limit the use, dissemination, or disposition by the Designator of its own information that it designates as "Confidential" or "Confidential Attorney Eyes Only."

B.    Nothing contained in this Agreement shall restrict or limit any Party's right to present Confidential or Confidential Attorney Eyes Only Material to a court during a trial or other hearing in the Action, and the Parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct.   The use of Confidential or Confidential Attorney Eyes Only Material at trial shall be governed by the pretrial order.

C.    If any court or governmental agency subpoenas or orders the production of any Material designated hereunder as "Confidential" or "Confidential Attorney Eyes Only," the Party receiving such subpoena or order shall, within five (5) business days of the receipt of such request and not less than five (5) days prior to the production of any such Material, notify the Designator of such subpoena or order.

D.    This Agreement shall not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in the Action.   The restrictions set forth in this Agreement shall not apply to information or tangible items

which at or prior to disclosure in this Action are or were within public knowledge, or which the Designator subsequently released into the public arena.

       E.      Neither this Agreement, production or disclosure of Material under this Agreement, nor designation or failure to designate Material under this Agreement, shall constitute a waiver of the right of the Designator to maintain the confidentiality of that Material in other contexts.

       F.      The inadvertent production of any Material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not itself constitute a waiver of the applicable privilege or doctrine.  Inadvertent production of privileged Material includes the mistaken production of privileged Material that has been reviewed by the disclosing Party or Non-Party's attorneys prior to production.  Upon receipt of notice of an inadvertent production, the Receiving Party shall return or destroy the Material subject to a claimed privilege and any copies of it, including deletion of any versions of the privileged materials on any database the Receiving Party maintains.  The Receiving Party shall also take reasonable steps to retrieve the information if it has been further disclosed, and make no use of the information contained in the privileged materials.  If the Receiving Party contests the claim of privilege, it shall notify the Producing Party in writing.  Within twenty-one (21) days after it reasonably appears that good faith efforts to resolve the dispute have failed, the Producing Party may apply to the Court for an order that such materials are protected from disclosure by privilege. In opposing any such application, the Receiving Party may not, however, assert as a ground for such opposition the fact or circumstances of the inadvertent production.  Any claimed privileged Material sequestered pending determination by the Court as to whether it is privileged must not be used or disclosed until the privilege issue is resolved, and thereafter shall be treated in accordance with the Court's determination of the issue.

G.      This Agreement may be modified or amended by agreement of the Parties hereto with the approval of the Court.  To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Agreement in any respect.

H.      Nothing in this Agreement shall prevent any person from seeking at any time to impose additional restrictions beyond those provided in this Agreement.

J.      Any invalidity, in whole or in part, of any provision of this Agreement shall not affect the validity of any other provision of this Agreement.

K.      This Agreement shall survive and continue to be binding after the conclusion of the Action, and the District Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Agreement.

STIPULATED AND AGREED TO THIS DAY BY:

**WIGDOR LLP**                                      **MORGAN, LEWIS & BOCKIUS LLP**

By: _____          By: s/Jason J. Ranjo
     Douglas H. Wigdor                         Christopher A. Parlo
     Lawrence M. Pearson                      Thomas A. Linthorst
     Lindsay M. Goldbrum                     Jason J. Ranjo

85 Fifth Avenue                                    101 Park Avenue
New York, New York 10003                New York, New York 10178
Telephone: (212) 257-6800               Telephone: (212) 309-6000
Facsimile: (212) 257-6845                Facsimile: (212) 309-6001
dwigdor@wigdorlaw.com                chris.parlo@morganlewis.com
lpearson@wigdorlaw.com               thomas.linthorst@morganlewis.com
lgoldbrum@wigdorlaw.com            jason.ranjo@morganlewis.com

*Counsel for Plaintiff*                              *Counsel for Defendants*

So Ordered: _____
     HON. RONNIE ABRAMS, U.S.D.J.
     August 9, 2021

13

## **EXHIBIT A**

### **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**
### **CONFIDENTIALITY AGREEMENT**

I hereby certify my understanding that material is being provided to me pursuant to the provisions, conditions, and restrictions of the Confidentiality Agreement in the case captioned *Kevin Rollag. v. Cowen Inc., et al.,* No. 1:20-cv-05138 (S.D.N.Y.) and that I have been given a copy of the Confidentiality Agreement and agree to be bound by its provisions. I understand and agree that all Confidential Material I may be shown, including copies thereof and any notes and transcriptions made therefrom and information contained therein, are to be used only for the purposes permitted by the Confidentiality Agreement. I also understand and agree that all material I am shown shall be returned or destroyed in the manner provided in the Confidentiality Agreement. I agree to resolve all disputes regarding the provisions, conditions, or restrictions of the Confidentiality Agreement according to the provisions thereof.

_____
Signature

_____
Name*

_____
Date*

*This information must be printed or typed.